Jared B. Pearson (12200)
PEARSON LAW FIRM, PLLC
9192 South 300 West, Suite 35
Sandy, Utah 84070
Tele: (801) 888-0991
jared@pearsonlawfirm.org
Attorney for Plaintiff

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF UTAH
## CENTRAL DIVISION

| | |
|---|---|
| DANIEL NIELSEN, | COMPLAINT |
| Plaintiff, | |
| v. | Case No.: 2:19-cv-00392-RJS |
| GC SERVICES, LIMITED PARTNERSHIP, | Judge: |
| Defendant. | |

### **PLAINTIFF'S COMPLAINT**

Plaintiff, DANIEL NIELSEN ("Plaintiff"), by and through his attorneys, alleges the following against Defendant, GC SERVICES, LIMITED PARTNERSHIP ("Defendant"):

### INTRODUCTION

1. Count I of Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, 15 § U.S.C. 1692 et seq. ("FDCPA").

2. Count II of Plaintiff's Complaint is based on the tort of intrusion upon seclusion.

### JURISDICTION AND VENUE

3. This court has jurisdiction pursuant to 28 U.S.C. §§ 1331, 1337, 1367, and 15 U.S.C. § 1692k (FDCPA).

4. Jurisdiction of this court arises pursuant to 15 U.S.C. § 1692k(d), which states that such

actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy."

5. This court has supplemental jurisdiction over the state claim alleged herein pursuant to 28 U.S.C. § 1367 it is "so related to claims in the action within such original jurisdiction that they form part of the same case or controversy."

## PARTIES

6. Plaintiff is a natural person residing in the City of West Jordan, Salt Lake County, State of Utah.

7. Plaintiff is a consumer as that term is defined by the FDCPA.

8. Plaintiff allegedly owes a debt as that term is defined by the FDCPA.

9. Defendant is a debt collector as that term is defined by the FDCPA.

10. Within the last four years, Defendant attempted to collect a consumer debt from Plaintiff.

11. Within the last year, Defendant attempted to collect a consumer debt from Plaintiff.

12. Defendant is a collection agency based the City of Houston, Harris County, State of Texas.

13. Defendant's business includes, but is not limited to, collecting on unpaid, outstanding account balances.

14. When an unpaid, outstanding account is placed with Defendant it is assigned a file number.

15. The principal purpose of Defendant's business is the collection of debts allegedly owed to third parties.

16. Defendant regularly collects, or attempts to collect, debts allegedly owed to third parties.

17. During the course of its attempts to collect debts allegedly owed to third parties, Defendant sends to alleged debtors bills, statements, and/or other correspondence, via the mail and/or electronic mail, and initiates contact with alleged debtors via various means of

telecommunication, such as by telephone and facsimile.

18. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

19. Defendant is attempting to collect a consumer debt from Plaintiff.

20. Plaintiff's alleged debt owed arises from transactions for personal, family, or household purposes.

21. Within the past four years prior to Plaintiff filing this complaint, Defendant began calling Plaintiff in an attempt to collect the alleged debt.

22. Within the past one year prior to Plaintiff filing this complaint, Defendant has still been calling Plaintiff in an attempt to collect the alleged debt.

23. Defendant calls Plaintiff on his cellular telephone at xxx-xxx-7097 in an attempt to collect the alleged debt.

24. Since Defendant started calling Plaintiff, Plaintiff answered several collection calls from Defendant and spoke to its collectors.

25. During the above-referenced collection calls, Plaintiff has told Defendant to stop calling Plaintiff.

26. Most recently, Plaintiff told Defendant to stop calling him on at least two separate occasions in May 2019.

27. Despite Plaintiff's numerous requests that Defendant stop calling Plaintiff, Defendant has continued to call Plaintiff unabated.

28. Plaintiff is disabled.

29. Defendant places collection calls to Plaintiff at an annoying and harassing rate.

30. Defendant's harassing collection calls are an intentional and substantial intrusion upon the Plaintiff's solitude and seclusion.

31. Defendant's intrusion upon the Plaintiff's solitude and seclusion is highly offensive to Plaintiff.

32. Defendant's above-referenced actions were an attempt to coerce Plaintiff into payment of the alleged debt.

33. The natural consequences of Defendant's actions was to unjustly condemn and vilify Plaintiff for his non-payment of the alleged debt.

34. The natural consequences of Defendant's statements and actions was to produce an unpleasant and/or hostile situation between Defendant and Plaintiff.

35. The natural consequences of Defendant's actions was to cause Plaintiff mental distress.

36. Defendant's intrusion upon the Plaintiff's solitude and seclusion is highly offensive to any reasonable person.

37. Defendant maintained a Call Detail Search regarding Plaintiff's Account.

38. Defendant maintained an Account Detail Listing regarding Plaintiff's Account.

39. Defendant recorded all of its telephone communications with Plaintiff regarding the Account.

40. Defendant has in its possession audio recordings made in connection with Defendant's efforts to collect the debt at issue in this matter.

## COUNT I:
## DEFENDANT VIOLATED THE FAIR DEBT COLLECTION PRACTICES ACT

41. Defendant's conduct violated the FDCPA by:
    a. Defendant violated § 1692d of the FDCPA by engaging in conduct that the natural consequence of which was to harass, oppress, and abuse in connection with the

4

collection of an alleged debt when Defendant called Plaintiff at an annoying and harassing rate and even continued to do so after Plaintiff requested that Defendant stop calling Plaintiff;

b. Defendant violated § 1692d(5) of the FDCPA by causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number when Defendant called Plaintiff at an annoying and harassing rate and even continued to do so after Plaintiff requested that Defendant stop calling Plaintiff;

c. Defendant further violated § 1692e of the FDCPA by its use of any false, deceptive, or misleading representation or means in connection with the collection of any debt when Defendant created the false impression on Plaintiff that Defendant was permitted to call Plaintiff with impunity despite Plaintiff's request for the Defendant to stop calling Plaintiff;

d. Defendant violated § 1692e(10) of the FDCPA by using any false representation or deceptive means to collect or attempt to collect any debt when Defendant when Defendant created the false impression on Plaintiff that Defendant was permitted by law to continue to call Plaintiff with impunity despite Defendant being told to stop calling Plaintiff;

e. Defendant violated § 1692f of the FDCPA by its use of unfair or unconscionable means to collect or attempt to collect any debt when Defendant engaged in all of the foregoing misconduct.

WHEREFORE, Plaintiff, DANIEL NIELSEN, respectfully requests judgment be entered against Defendant, GC SERVICES, LIMITED PARTNERSHIP for the following:

    a.  Actual damages pursuant to the Fair Debt Collection Practices Act, 15 § U.S.C. 1692k;

    b.  Statutory damages of $1,000.00 pursuant to the Fair Debt Collection Practices Act, 15 § U.S.C. 1692k;

    c.  Costs and reasonable attorneys' fees pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692k; and

    d.  Any other relief that this Honorable Court deems appropriate.

## COUNT II:
## DEFENDANT INTRUDED UPON PLAINTIFF'S SECLUSION

42. Plaintiff repeats and realleges paragraphs 1-40 of Plaintiff's Complaint as the allegations in Count II of Plaintiff's Complaint.

43. Defendant intentionally interfered, physically or otherwise, with the solitude, seclusion, and or private concerns or affairs of the Plaintiff.

44. Defendant intentionally caused harm to the Plaintiff's emotional well-being by engaging in highly offensive conduct in the course of collecting a debt, as described herein.

45. Plaintiff has a reasonable expectation of privacy in Plaintiff's solitude, seclusion, and or private concerns or affairs.

46. The intrusion by Defendant occurred in a way that would be highly offensive to reasonable person in that position.

47. As a result of such invasions of privacy, by intrusion upon seclusion, Plaintiff is entitled to actual damages in an amount to be determined at trial from Defendant.

WHEREFORE, Plaintiff, DANIEL NIELSEN, respectfully requests judgment be entered against Defendant, GC SERVICES, LIMITED PARTNERSHIP for the following:

    a.  Plaintiff is entitled to and seeks actual damages; and

    b.  Any other relief that this Honorable Court deems appropriate.

RESPECTFULLY SUBMITTED,

DATED: June 05, 2019        By: /s/ Jared B. Pearson
                                        Jared B. Pearson (12200)
                                        PEARSON LAW FIRM, PLLC
                                        9192 South 300 West, Suite 35
                                        Sandy, Utah 84070
                                        Tele: (801) 888-0991
                                        jared@pearsonlawfirm.org
                                        Attorney for Plaintiff